IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK J. WINTERS, | ) | CASE NO. 4:20-CV-1235 |
| Petitioner, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) ) | **REPORT AND RECOMMENDATION** |

I.    **INTRODUCTION**

On June 5, 2020, Petitioner Patrick J. Winters ("Mr. Winters") filed an emergency petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Mr. Winters was an inmate at FCI Elkton at the time he filed his petition, though a "Court Only" staff notation on the case docket on September 2, 2022, indicated that (per the BOP website) Mr. Winters was released on July 23, 2020. (*See* 9/2/2022 minute entry.)[1]

Mr. Winters asserted in his petition that the BOP's alleged inability to stop the spread of COVID-19 at FCI Elkton put him at heightened medical risk because he has pre-existing health conditions, including bronchial asthma and high blood pressure. (*Id.*, PageID # 2-6.) Thus, Mr. Winters argued that the conditions at FCI Elkton violate the Eighth Amendment, and he requested release on home confinement. (*Id.,* PageID # 2.)

Respondent, the United States of America ("United States"), filed an answer and return of writ on August 24, 2020. (ECF No. 5.) The United States argued that: (1) the Court should dismiss

---
[1] Independent review of the BOP website confirmed this information is correct. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp (last visited Feb. 22, 2023).

1

the petition as duplicative because Mr. Winters is a member of the class in a related case that (at the time) was pending in the Northern District of Ohio, *Wilson v. Williams,* Case No. 4:20-CV-794 (Gwin, J.)[2]; and (2) Mr. Wilson cannot show that FCI Elkton violated the Eighth Amendment in light of the Sixth Circuit's ruling in *Wilson v. Williams,* 961 F.3d 829 (6th Cir. 2020). (*Id.,* PageID # 25-27.)

On June 30, 2021, this Court referred the case to Magistrate Judge Baughman under Local Rule 72.2 for a report and recommendation. After the retirement of Magistrate Judge Baughman, this matter was referred to me on September 2, 2022. For the reasons set forth below, I RECOMMEND that the Court DISMISS and/or DENY Mr. Winters's petition as moot due to his release from FCI Elkton on July 23, 2020.

## II. LAW AND ANALYSIS

### A. Legal Standards

Courts within the Sixth Circuit have recognized that "a petition for a writ of habeas corpus "must set forth facts that give rise to a cause of action under federal law or it may be summarily dismissed." *McClain v. Main,* No. 20-12725, 2020 WL 8572405, at *1 (E.D. Mich. Dec. 8, 2020) (dismissing § 2241 habeas petition – which alleged the jail failed to protect the petitioner from the COVID-19 pandemic – as moot because he was no longer at the jail). Indeed, "federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face." *McClain,* 2020 WL 8572405, at *1 (citing *Taylor v. Palmer*, 623 Fed. Appx. 783, 786 n.3 (6th Cir. 2015); *McFarland v. Scott*, 512 U.S. 849, 856 (1994)). Courts are also "authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits attached to it that the petitioner is not entitled to federal habeas relief." *McClain,* 2020 WL 8572405, at *1

---

[2] On May 12, 2021, the Court approved the parties' stipulated dismissal of class plaintiffs' claims pursuant to Rule 41(a)(1)(A)(ii). (*Wilson v. Williams,* No. 4:20-CV-794, ECF No. 390.) The parties further stipulated that all pending motions, including Petitioners' Motion for Class Certification (ECF No. 33) and Petitioners' Motion to Amend Emergency Petition (ECF No. 185) will be terminated by the dismissal of all claims in this action. (*See* ECF No. 390.)

(citing *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. § 2254)). A district court has "the duty to screen out any habeas corpus petition that lacks merit on its face." *McClain,* 2020 WL 8572405, at *1 (citing *Allen v. Perini*, 424 F.3d 134, 141 (6th Cir. 1970)).

The Sixth Circuit has held that when habeas petitioners "challenge the fact or extent of their confinement by seeking release from custody[,]" such "claims are properly brought under [28 U.S.C.] § 2241." *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020). Yet, "[r]egardless of the nature of a federal litigant's claims, a case or controversy must exist." *McClain,* 2020 WL 8572405, at *1 (citing *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011) (citing U.S. Const. art. III, § 2, cl. 1)). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Id*. Significantly, "[f]ederal courts have 'no authority to give opinions upon moot questions ...'" *McClain,* 2020 WL 8572405, at *1 (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted). As a result, courts "have a 'continuing obligation' to enquire whether there is a present controversy as to which effective relief can be granted." *McClain,* 2020 WL 8572405, at *1 (quoting *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004); *see also Southwest Williamson County Cmty. Assoc. v. Slater*, 243 F.3d 270, 276 (6th Cir. 2001)).

**B.** <u>**Analysis**</u>

Mr. Winters's petition – which seeks release from FCI Elkton based on the institution's alleged failure to protect him from the spread of the COVID-19 pandemic – was properly brought under 28 U.S.C. § 2241. *Wilson,* 961 F.3d at 837; *see also McClain,* 2020 WL 8572405, at *2; *Awshana v. Adducci*, 453 F. Supp. 3d 1045, 1047 (E.D. Mich. 2020). Though Mr. Winters was an inmate at FCI Elkton when he filed his habeas petition on June 5, 2020 (ECF No. 1), he was

3

released from custody on July 23, 2020. Because mootness raises a jurisdictional question, courts lose jurisdiction "to consider any case or issue that has 'lost its character as a present, live controversy ...'" *McClain,* 2020 WL 8572405, at *2 (citing *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (citation omitted)). Significantly, "it is not enough that a dispute was alive when [the] habeas corpus petition was filed in the district court; the petitioner must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *McClain,* 2020 WL 8572405, at *2 (citing *Brock v. United States Dept. of Justice*, 256 Fed. Appx. 748, 750 (6th Cir. 2007)).

The Sixth Circuit has consistently found that release from a corrections facility or transfer to a different one renders requests for injunctive relief against the prior facility moot. *Coleman v. Bowerman*, 474 F. App'x 435, 438 (6th Cir. 2012) ("the district court did not err when it denied Coleman's request for injunctive relief because the request became moot upon his transfer to a different facility"); *Cardinal v. Metrish*, 564 F.3d 794, 799 (6th Cir. 2009) (holding the plaintiff's request for declaratory and injunctive relief is "rendered moot" because he was transferred to a facility that offers kosher meals) ; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding prisoner's claim for injunctive and declaratory relief mooted by his transfer to a new facility).

Moreover, numerous courts within the Sixth Circuit have dismissed or denied as moot § 2241 petitions requesting release from prison due to the COVID-19 pandemic when the petitioners are no longer in custody. *See, e.g., McClain,* 2020 WL 8572405, at *2; *Johnson v. Farmer,* No. 21-101-DLB, 2022 WL 149712, at *3 (E.D. Ky. May 11, 2022) ("Johnson's petition has been rendered moot by his release from FCDC"); *Mobley v. Jailer, Bourbon Co. Detention Center,* No. NO. 21-101-DLB, 2021 WL 2337625, at *1 (E.D. Ky. May 19, 2021) (petitioner's "release or transfer from that facility renders moot his petition challenging conditions at the jail").

Similarly, Mr. Winters's petition has been rendered moot as a result of his release from

4

FCI Elkton on July 23, 2020. Accordingly, I recommend that this Court DISMISS and/or DENY Mr. Winters's petition.

### III.   RECOMMENDATION REGARDING CERTIFICATE OF APPEALABILITY

As amended by AEDPA, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "[a] 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)). The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.*; *see also* 28 U.S.C. § 2253(c)(3) ("The certificate of appealability under [§ 2253(c)(1)] shall indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2)]."). In light of the Rule 11 requirement that the district court

either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

Here, Mr. Winters has not made a substantial showing of a denial of a constitutional right for the reasons set forth above. Because jurists of reason would not find these conclusions debatable, I recommend that no certificate of appealability issue in this case.

## IV.   RECOMMENDATION

For the foregoing reasons, I RECOMMEND that the Court DISMISS and/or DENY as moot Mr. Winters's § 2241 petition. I also RECOMMEND that the Court not grant him a certificate of appealability.

Dated:  February 22, 2023

*s/Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).